UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

NATHANIEL MOSS,

    Defendant.

Case No. 15-cr-20470
Hon. Matthew F. Leitman

_____/

**ORDER DENYING MOTION TO REDUCE SENTENCE (ECF No. 64)**

On June 16, 2021, Defendant Nathaniel Moss filed this motion for sentence reduction under Section 404 of the First Step Act of 2018. (*See* ECF No. 64.) For the reasons discussed below, Moss's motion is **DENIED**.

**I**

Defendant Nathaniel Moss is a federal prisoner who is currently incarcerated at FCI Elkton in Lisbon, Ohio. On June 9, 2016, Moss pleaded guilty in this Court to one count of possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1). (*See* Rule 11 Plea Agreement, ECF No. 24.) On June 28, 2016, United States District Judge Marianne Battani, to whom this case was assigned originally, sentenced Moss to 120 months imprisonment. (*See* Judgment, ECF No. 26, PageID.63.)

On May 20, 2020, Moss moved *pro se* for a sentence reduction under Section 404 of the First Step Act (the "First Section 404 Motion"). (*See* Mot., ECF No. 33.) Section 404 "applies retroactively the Fair Sentencing Act of 2010 which reduced mandatory minimum penalties for crack cocaine offenses." (*Id.*, PageID.86.) On August 5, 2020, Judge Battani entered an order denying Moss's motion (the "Denial Order"). (*See* Order, ECF No. 37.) Her order provided as follows:

> Section 404(b) of the First Step Act, the provision under which Defendant seeks relief, reads as follows:
>
>> Defendants Previously Sentenced.—A court that imposed a sentence for a covered offense may, on motion of the defendant, the Director of the Bureau of Prisons, the attorney for the Government, or the court, impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat. 2372) were in effect at the time the covered offense was committed.
>
> Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5222 (emphasis added). The First Step Act defines a "covered offense" as "a violation of a Federal criminal statute, the statutory penalties for which were modified by [S]ection 2 or 3 of the Fair Sentencing Act of 2010, **that was committed before August 3, 2010**." *Id.* § 404(a), 132 Stat. at 5222 (emphasis added). Notably, Section 404(c) makes it clear that a reduction is discretionary, not mandatory. *Id.* § 404(c), 132 Stat. at 5222.
>
> To demonstrate eligibility, Moss must meet the following criteria. First, he must have been sentenced prior to the date of enactment of the Fair Sentencing Act, August 3, 2010. Second, he must have been sentenced for a "covered offense" as set forth in the First Step Act. Finally, the limitations set forth in Section 404(c) of the

2

> Act must not be implicated. Only if Moss meets this criteria, does the Court consider the second question: whether it should exercise its discretion in reducing his sentence.
>
> In this case, Moss is not eligible under the Act because he was not sentenced prior to August 3, 2010. The Court has no authority to grant him the relief he requests

(*Id.*, PageID.97-98.)

On June 16, 2021, Moss, proceeding *pro se*, filed the instant motion again requesting a sentence reduction under Section 404 of the First Step Act. (*See* Mot., ECF No. 64.) The government filed a response opposing Moss's motion. (*See* Resp., ECF No. 66.)

## II

Section 404 of the First Step Act of 2018, in its entirety, provides as follows:

> (a) DEFINITION OF COVERED OFFENSE.—In this section, the term ''covered offense'' means a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372), that was committed before August 3, 2010.
>
> (b) DEFENDANTS PREVIOUSLY SENTENCED.—A court that imposed a sentence for a covered offense may, on motion of the defendant, the Director of the Bureau of Prisons, the attorney for the Government, or the court, impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372) were in effect at the time the covered offense was committed.
>
> (c) LIMITATIONS.—No court shall entertain a motion made under this section to reduce a sentence if the

>sentence was previously imposed or previously reduced in accordance with the amendments made by sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372) or if a previous motion made under this section to reduce the sentence was, after the date of enactment of this Act, denied after a complete review of the motion on the merits. Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section.

First Step Act of 2018, Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5222 (2018).

Moss's motion must be denied for two independent reasons. First, Moss's sentence was not imposed for a "covered offense," as defined in Section 404(a). Section 404(a) defines a "covered offense," for purposes of Section 404, to be certain federal drug offenses committed *before* August 3, 2010. *See* First Step Act of 2018, § 404(a), 132 Stat. at 5222. However, here, Moss pleaded guilty to Count One of the Indictment – Possession with Intent to Distribute Cocaine Base. (Rule 11 Plea Agreement, ECF No. 42.) Count One alleged as follows:

>*On or about August 6, 2014*, within the Eastern District of Michigan, Southern Division, NATHANIEL MOSS, JR., defendant herein, knowingly, intentionally and unlawfully possessed with intent to distribute 28 grams or more of a mixture or substance which contains Cocaine Base, also known as "Crack Cocaine," a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841 (a)( 1 ).

(Indictment, ECF No. 1, PageID.1, emphasis added.) Moss's violation thus occurred four years after the statutory cut-off date for "covered offense[s]." Accordingly,

4

Moss's sentence was not imposed for a "covered offense." Moss is therefore ineligible for relief under Section 404.[1]

Second, Moss is independently ineligible for relief under Section 404 because Section 404(c) precludes this Court from entertaining the instant motion. Section 404(c) precludes a court from entertaining any motion for a sentence reduction under Section 404 where "a previous motion made under this section to reduce the sentence was, after the date of enactment of this Act, denied after a complete review of the motion on the merits." First Step Act of 2018, § 404(c), 132 Stat. at 5222. Judge Battani issued her Denial Order – in which she denied Moss's First Section 404 Motion – in August 2020. That was nearly two years after Moss admits the First Step Act was signed into law. (*See* Mot., ECF No. 64, PageID.796.) That Order found Moss was ineligible for relief under Section 404 and thus "denied [Moss's First Section 404 Motion] after a complete review of the motion on the merits." First Step Act of 2018, § 404(c), 132 Stat. at 5222. Accordingly, under Section 404(c), this Court cannot entertain the instant motion, and likewise cannot grant relief.

---

[1] Judge Battani reached, in effect, the same conclusion in her Denial Order. (*See* Order, ECF No. 37, PageID.97-98.) The Court clarifies here that Moss is ineligible under Section 404(a) because he pleaded guilty to a drug offense that he *committed* after August 3, 2010. It is not necessarily dispositive, under Section 404(a), that Moss was merely *sentenced* after August 3, 2010, as Judge Battani's Denial Order seems to state.

## III

For all the foregoing reasons, the Court **DENIES** Moss's motion to reduce his sentence under Section 404 of the First Step Act (ECF No. 64).

**IT IS SO ORDERED**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated:  December 9, 2021

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on December 9, 2021, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(810) 341-9761
